UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-CR-291 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| KITTIVATH ERNIE INTHAVONG, | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Nancy Koppe's report and recommendation (ECF No. 36) to deny defendant Kittivath Ernie Inthavong ("defendant")'s motion to suppress. (ECF No. 29). Defendant filed objections to the recommendation (ECF No. 42), to which the government responded (ECF No. 44).

**I.  Background**

Defendant is charged with two counts of being a felon in possession of a firearm. (ECF No. 1). The charges stem from execution of a Nevada state judge's search warrant related to a multi-victim homicide and a robbery. *See generally* (ECF No. 36).

The following facts are uncontested. On August 10, 2021, a Nevada state court judge issued a search warrant (the "Nevada warrant") for defendant's residence and vehicles. *Id.* The warrant purported to provide authority for LVMPD officers to search for firearms and related accessories, ammunition, defendant's epithelial cells, and defendant's cell phone. *Id.* The affidavit accompanying the warrant stated the investigation was being conducted alongside the Riverside County (California) Sherriff's Department ("RCSD") and sought evidence of two crimes: (1) murder with a deadly weapon and (2) felon in possession of a firearm. *Id.*

1. According to the affidavit, defendant was a possible suspect in a set of seven homicides committed in Riverside County, California on September 7, 2020, and a robbery that occurred in Anza, California on September 2, 2020. *Id.* It also alleged that defendant, a thrice-convicted felon, had sent his wife text messages asking her to bring him a rifle and a handgun based on investigators discovering a screenshot of those messages. *Id.*

The affidavit asserts that the victim of the robbery identified defendant as the perpetrator, that defendant's cell phone records placed him near the scene of the robbery and contained the text messages to his wife requesting the firearms, and that there was ammunition used by those firearms found at the robbery scene. *Id.* It also set forth evidence that defendant had a residence and a registered vehicle in Las Vegas. *Id.*

The affidavit also incorporated an affidavit from a previous California search warrant issued to RCSD a week earlier on August 3, 2021. *Id.* As relevant here, that previous affidavit set forth that cell phone data had indicated defendant was in Las Vegas on the day of the murders but could not be excluded as a suspect. *Id.*

Further, it detailed an investigation into the September robbery. The victim of that robbery, "Toon," stated she had been assaulted and robbed by three men, but she did not want to speak to officers or press chargers. *Id.* Nine months later, detectives spoke with one of Toon's friends who shared second hand that Toon had told her she was robbed by three men, one of whom Toon recognized as a man known as "Roscoe." *Id.* The friend also knew Roscoe and identified defendant as Roscoe. *Id.* Toon later confirmed her previous statements to police but did not elaborate and refused to provide updated contact information. *Id.*

Police executed the Nevada warrant on August 11, 2022, and recovered multiple firearms and accessories from defendant's residence and from a van he used for work. *Id.* Defendant was interviewed by LVMPD detectives later that day. *Id.*

Defendant now moves to suppress all physical evidence recovered as a result of the Nevada warrant and all statements made during the interview. (ECF No. 29). On September 15, 2022, Magistrate Judge Koppe issued a report and recommendation that recommended denial of

**James C. Mahan**
**U.S. District Judge**

- 2 -

defendant's motion in its entirety. (ECF No. 36). Defendant objected to that recommendation on October 13, 2022. (ECF No. 42).

## II. Legal Standard

This district's magistrate judges are authorized to resolve pretrial matters subject to the assigned district judge's review. 28 U.S.C. § 636(b)(1)(A); *see also* LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3 . . . ."). The reviewing district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); *see also* LR IB 3-2(b).

The district court applies a "clearly erroneous" standard to the magistrate judge's factual findings, whereas the "contrary to law" standard applies to the legal conclusions. *See, e.g.*, *Grimes v. Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). However, if a party files written objections to the report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* LR IB 3-2(b).

## III. Discussion

Having reviewed the record and report, this court holds that the factual findings are not clearly erroneous and the legal holdings are not contrary to law. Accordingly, save for a *de novo* review of defendant's specific objections leading to the contrary, this court will adopt in full Magistrate Judge Koppe's report and recommendation denying defendant's motion to suppress. (ECF No. 36).

To that end, defendant raises several objections to Judge Koppe's report, although it is sometimes unclear exactly what he objects to. The court will address each ground in turn.

### A. The Evidentiary Hearing

Defendant's primary objection is that Judge Koppe declined to set an evidentiary hearing. According to defendant, several factual disputes exist, and a hearing was necessary to resolve those disputes. This court disagrees with defendant and overrules this objection.

James C. Mahan
U.S. District Judge

- 3 -

1   While it is true that a defendant is sometimes entitled to an evidentiary hearing to challenge an affidavit underlying a search warrant, defendant must first make a threshold showing that "(1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probably cause without the allegedly false information." *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000).

Magistrate Judge Koppe found that defendant fails to make this substantial preliminary showing.  (ECF No. 36 at 13–14).  This court agrees with Judge Koppe after a *de novo* review of the record.

Defendant first raises an ambiguous objection that "an evidentiary hearing is required to establish events that led to the execution of the search warrants that ultimately led to the physical evidence in this case."  (ECF No. 42 at 7).  "To justify a hearing, a defendant must make specific allegations, allege a deliberate falsehood or reckless disregard for the truth, and accompany such a claim with a detailed offer of proof." *United States v. Craighead*, 539 F.3d 1073, 1080 (9th Cir. 2008) (citation omitted).  This amorphous objection makes no specific claims and instead offers the conclusory statement that a hearing is required due to the complexity of the investigations.  The court overrules this objection to the extent that it stands alone.

Defendant then raises two specific grounds for an evidentiary hearing. First, that a factual dispute exists as to whether defendant had been ruled out as a suspect in the homicide investigation (ECF No. 42 at 8–9), and second, that the warrants were misleading since defendant's connection to the robbery was established by a third-party tip (ECF No. 42 at 9–10).

As to the first objection, whether defendant was a suspect in the homicide investigation, that argument is irrelevant to the validity of the warrant.  Even setting aside the investigation into the homicide, the warrant also sought evidence of defendant being a felon in possession of a firearm.  (ECF No. 30-4 at 7).  The affidavit included information that defendant had been seeking access to weapons despite his status as a felon.  (*Id.* at 8–10, 36).  Even assuming that both (1) a factual dispute as to defendant's status as a suspect exists and (2) the statement in the affidavit that he was a suspect was intentionally or recklessly false, there remains sufficient grounds for the warrant.  This objection is overruled.

**James C. Mahan**
**U.S. District Judge**

Further, the second specific objection, the fact that the warrants were misleading because the tip was from a third-party, also fails. Even setting aside the third-party identification entirely, the affidavit included cell phone location data tying defendant to the scene of the robbery, communications with another suspect, and text messages that otherwise supported the assumption that defendant was involved. (ECF No. 30-4 at 33–36). Thus, even if the inclusion of the tip was recklessly false, it was immaterial.

Defendant's objections to Magistrate Judge Koppe's denial of an evidentiary hearing are overruled. This court agrees, after *de novo* review, that an evidentiary hearing was not warranted.

### B. Probable Cause in the Nevada Warrant

Defendant also objects to the Nevada search warrant as a whole, arguing that Magistrate Judge Koppe incorrectly determined it was supported by probable cause since (1) the text messages it relies on were contained in a "screenshot" rather than the messages itself, and (2) the investigation had not revealed a "fair probability" that evidence existed at the specific address listed in the warrant. (ECF No. 42 at 13–16). After a *de novo* review, this court finds those objections meritless and overrules them.

In reviewing a holding that sufficient probable cause existed to grant a warrant, "the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for [so] concluding . . . ." *Illinois v. Gates*, 462 U.S. 213, 238–39 (1983) (internal quotation marks and citation omitted). Probable cause for a search requires a "fair probability that contraband or evidence of a crime will be found in a particular place, based on the totality of the circumstances." *Dawson v. City of Seattle,* 435 F.3d 1054, 1062 (9th Cir. 2006). The magistrate judge "need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit." *United States v. Ocampo*, 937 F.2d 485, 490 (9th Cir. 1991) (internal citations omitted).

Defendant's first objection—that the text messages are actually screenshots and thus not attributable to defendant—is overruled. The affidavit states that the screenshot had been taken or viewed on May 27, 2021, and the texts within were sent to a contact that investigators had

James C. Mahan
U.S. District Judge

1   determined referred to defendant's wife. (ECF No. 30-4 at 36). This screenshot allowed for a
2   credible inference that defendant had sought to acquire firearms. When combined with the
3   assertions that defendant had been previously convicted of firearm-related offenses (*id.* at 12),
4   that similar weapons had been used in the robbery (*id.* at 8), and that defendant was a convicted
5   felon (making any possession of firearms illegal) (*id.* at 12), Magistrate Judge Koppe had a
6   sufficient basis to determine probably cause existed.

7   Evidence used in an affidavit to support a search warrant need not be admissible itself.
8   *See, e.g.*, *Aguilar v. Texas*, 378 U.S. 108, 114–115 (1964) (permitting use of inadmissible
9   hearsay as probable cause for a search warrant). Here, simply because the text messages are not
10  authenticated such that they would be independently admissible, those messages form a piece of
11  the overall web of circumstances sufficient to provide probable cause. When combined with the
12  other evidence available, there is a minimal inferential leap required to conclude that defendant
13  would be in possession of firearms at the listed address in Las Vegas. *See United States v.*
14  *Gourde*, 440 F.3d 1065, 1070 (9th Cir. 2006) (en banc) (reasoning that probable cause can be
15  drawn from "fair inferences" made from available evidence supporting a warrant).

16  As to the address objection, Magistrate Judge Koppe had a substantial basis for
17  concluding probable cause exists to search that particular address. The affidavit provided
18  evidence that defendant's name appeared on utility bills at the house (ECF No. 30-4 at 9),
19  physical surveillance showed him at the house driving a silver Acura vehicle (*id.* at 9–11), a van
20  appearing to be defendant's work van was parked outside (*id.* at 11), and cell phone location data
21  showed him there (*id.* at 10). This evidence, viewed in totality, provides more than a fair
22  probability that evidence of a crime would be present there.

23  Defendant claims that because investigators "did not witness [defendant] with any guns"
24  at the property, there was not a fair probability defendant had the weapons there. (ECF No. 42 at
25  15–16). To adopt defendant's position would be to misrepresent the applicable standard for a
26  warrant. A search warrant requires a "fair probability," not a certainty, or even a preponderance
27  of the evidence. *United States v. Wiegand*, 812 F.3d 1239, 1242 (9th Cir. 1987); *Dawson*, 435
28

**James C. Mahan**
**U.S. District Judge**

- 6 -

F.3d at 1062. Defendant's argument that the warrant was invalid because investigators had not seen the guns prior to executing it imposes a certainty standard.

"Magistrate [Koppe] did not have to be certain of [defendant's] guilt. She only had to think that there was enough in [the] affidavit to justify her conclusion that there was a fair probability of finding evidence." *Wiegand*, 812 F.2d at 1242. Reviewing the record *de novo*, this court agrees. It was not certain investigators would find firearms upon execution of the warrant, but that is the very point of a search warrant—to discover evidence. Based on defendant's connection to the robbery, the cell phone data, the text messages, the physical and record evidence of his connection to the address, his previous felony convictions, and the overall totality of the circumstances, this court agrees the Nevada warrant was supported by probable cause. Defendant's objections to the contrary are overruled.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Koppe's report and recommendation (ECF No. 36) be, and the same hereby is, ADOPTED in full.

IT IS FURTHER ORDERED that defendant's motion to suppress (ECF No. 29) be, and the same hereby is, DENIED.

DATED December 12, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**